IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CENTRAL RESERVE LIFE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV 01-JEO-1268-S |
| NANCY STEVENS, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This matter is before the undersigned magistrate judge on the motion of the defendant, Nancy Stevens ("the defendant" or "Stevens"), to dismiss this action. (Doc. 4). For the reasons set forth herein, the court finds that the motion is due to be denied.

**I. BACKGROUND**

**A. History**

Stevens filed a civil complaint in the Circuit Court of Jefferson County on March 19, 2001, alleging bad faith failure to pay, fraud and suppression against Central Reserve Life Insurance Company ("the plaintiff" or "Central Reserve"). She also named Don Goldstein, Central Reserve's agent, as a defendant in the state court action. Central Reserve was served with a copy of the summons and complaint on or about April 13, 2001. (Doc. 5, p. 1). On May 16, 2001, Central Reserve filed the complaint and petition to compel arbitration in this court pursuant to 28 U.S.C. § 1332 and 9 U.S.C. § 3. (Doc. 1). It also requests that this court enter an order staying the state court proceeding. The motion to dismiss presently before the court was filed by Stevens on June 5, 2001. Central Reserve filed an "Emergency Motion" on June 6,

2001, seeking a stay of the state court proceedings. (Doc. 5). The "Emergency Motion" was set for a hearing on June 15, 2001. (Doc. 7). At the hearing, the parties addressed the merits of the "Emergency Motion" and the motion to dismiss this action.

## II. DISCUSSION

Stevens asserts this court lacks subject matter jurisdiction because there is a lack of complete diversity among all of the necessary parties to this action. (Doc. 4, p. 2). Specifically, she asserts that Goldstein is an indispensable party to this action and excluding him "would leave the parties subject to substantial risk of incurring duplicative obligations; primarily the potential concurrent litigation and arbitration of the same claims." (*Id.*). She also asserts that even if Goldstein is not an indispensable party, this court should abstain for exercising its jurisdiction under the *Younger* doctrine.[1]

Under existing law in the Eleventh Circuit, Stevens has a difficult position to defend on the issue of whether Goldstein is an indispensable party. The difficulty was recently discussed by United States District Judge Robert B. Propst in *United Benefit Life Insurance Co. v. Collins*, 2001 WL 273902 (N.D. Ala. 2001). The undisputed facts in that case were similar to those before this court:

> On or about October 9, 1998, defendant James Collins ("Collins") purchased a medical insurance policy from the plaintiff through the plaintiff's agent, Ronald Joe Byers ("Byers"). The policy contained a $500 deductible that the defendant, his wife Charlene, and his son Carlon were required to meet before invoking the plan's coverage. In 1999, Collins requested payment from [Plaintiff] UBL, but UBL refused to pay benefits to the extent that Collins felt were warranted under the policy. After several unsuccessful attempts to secure the benefits that they believed were owed to them, Collins and his family sued both

---

[1] *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971).

UBL and its agent, Byers, in the Circuit Court of Etowah County, claiming negligence and/or wantonness, fraud, misrepresentation, breach of contract, and bad faith, under Alabama law. The case is currently pending against both defendants in the state court.

*Id.* at *1. In addressing Collins's assertion that Byers was an essential party, Judge Propst stated:

The divisibility of the claims in [*First Franklin Financial Corp.* v.] *McCollum* [144 F.3d 1362 (11th Cir. 1998),] suggests that Collins's argument that Byers is an indispensable party is a weak one. In order for a party to be declared indispensable pursuant to Rule 19(b), it must be shown either that complete relief cannot be accorded among the remaining parties, that the "indispensable" party claims an interest relating to the subject of the action that the "indispensable" party would be unable to protect without being included, or that excluding the "indispensable" party would leave one of the remaining parties subject to a substantial risk of incurring duplicative or inconsistent obligations. It is a general rule that the mere fact that parties are joint tortfeasors or co-defendants does not render them indispensable. *MS Dealer Serv., Corp. v. Franklin*, 177 F.3d 942, 946 (11th Cir. 1999) (citing *Temple v. Synthes Corp.*, 498 U.S. 5, 7, 111 S. Ct. 315, 112 L. Ed. 2d 263 (1990); *Herpich v. Wallace*, 430 F.2d 792, 817 (5th Cir. 1970)). The defendants have not shown that, without Byers, their claim against UBL cannot be completely resolved. They have not shown that Byers claims an interest in the litigation that he could not protect without being included in this case. Finally, they have not shown that either they or UBL would be subject to inconsistent or duplicative obligations were he to not be included in this action. Absent a showing of one of the three, this court cannot conclude that Byers is indispensable to this litigation.

*Id.* at *2. Stevens has not established anyone of the three criteria discussed above to warrant a finding that Goldstein is an indispensable party to this action.

Regarding the issue of whether this court should abstain from exercising its jurisdiction in this action, the law is clear.

Once such jurisdiction exists, federal courts have a "virtually unflagging obligation" to exercise it. *Moses H. Cone* [*Memorial Hospital v. Mercury Constr. Corp.*], 460 U.S. [1,] at 15, 103 S. Ct. [927,] at 936, [74 L. Ed. 2d 765 (1983)] (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S. Ct. 1236, 1246, 47 L. Ed. 2d 483 (1976), in turn quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183, 72 S. Ct. 219, 221, 96 L. Ed. 200 (1952)). That means that dismissal is warranted in light of a concurrent state

3

> court action only when a balancing of relevant factors, "heavily weighted in favor
> of the exercise of jurisdiction," shows the case to be exceptional. *See id.* at 16,
> 103 S. Ct. at 937; *see American Bankers Ins. Co. v. First State Ins.* Co., 891 F.2d
> 882, 884 (11th Cir. 1990). . . .

*First Franklin Financial*, 144 F.3d at 1364. The factors the court must consider are: "1) the order in which the courts assumed jurisdiction over property; (2) the relative inconvenience of the fora; (3) the order in which jurisdiction was obtained and the relative progress of the two actions; (4) the desire to avoid piecemeal litigation; (5) whether federal law provides the rule of the decision; and (6) whether the state court will adequately protect the rights of all the parties." *Collins*, 2001 WL 273902, *3 (citing *Moses H. Cone*, 460 U.S. at 16-26).

The parties herein, like those in *Collins*, agree that the first two factors, jurisdiction over property and the relative inconvenience of the fora, are not relevant. The third factor, the order in which jurisdiction was obtained and the progress of the actions, does not weigh in favor of the state proceeding. Although Stevens, like the state court plaintiffs in *Collins* and *McCollum*, filed her complaint in state court before Central Reserve filed its complaint with this court, there is no indication that Central Reserve should have filed this petition earlier. Nothing in the record demonstrates that Central Reserve was on notice that Stevens would not submit her claims to arbitration or that it (Central Reserve) was dilatory in presenting its petition to this court.[2] Additionally, although the state court has been expedient in its disposition of the underlying action, nothing in the record demonstrates that it had progressed to such a point at the time of the filing of the present petition that to consider the same would violate the principles of comity. The fourth factor, potential for piecemeal litigation, does not weigh in favor of the state

---

[2] Under the present facts, there is no reason to question Central Reserve's decision to invoke federal jurisdiction when the Act permits such.

proceeding "because of the narrow scope of the federal complaint: the result of the federal litigation would be either an order compelling arbitration or an order refusing to compel arbitration and dismissing the petition." *Collins*, 2001 WL 273902, *3. The fifth factor, controlling law, "weighs in favor of exercising jurisdiction [in this action] where, as in both *McCollum* and [*Collins*], the petition has been brought solely under the Federal Arbitration Act." *Collins*, 2001 WL 273902, *4. The sixth factor, the adequacy of the state court to protect Central Reserve's rights, weighs in favor of the state court proceeding. This is particularly true where the state court's docket is "current" (doc. 4, ex. A, p. 1) and the state court case is progressing under an aggressive scheduling order. However, as noted by Judge Propst, "a factor favoring abstention had to '[weigh] heavily in favor of relinquishing jurisdiction.'" *Collins*, at *4 (quoting *McCollum*, 144 F.3d at 1365).

Having considered all of the factors, the court finds that to abstain from exercising jurisdiction in this matter would not be appropriate in view of the strong federal interests involved. *See Circuit City Stores v. Adams*, ___ U.S. ___,121 S. Ct. 1302, 149 L. Ed. 2d 234 (2001).

### III. CONCLUSION

Premised on the foregoing considerations, the court finds that the defendant's motion to dismiss is due to be denied. An order consistent with this finding will be entered.

**DONE,** this the 20th day of June, 2001.

_____
**JOHN E. OTT**
United States Magistrate Judge